# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| CHEB, LLC, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:21-cv-00214-SGC |
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

CHEB, LLC, Ross Hudak, and Tim Hudak commenced this action in the Circuit Court of Etowah County, Alabama, naming Nationwide Property and Casualty Insurance Company as the sole defendant and seeking to recover damages related to Nationwide's alleged breach of an insurance contract. (Doc. 1-1 at 2-4). Nationwide removed the action to this district court on the basis of diversity jurisdiction. (Doc. 1). Thereafter, the plaintiffs filed a motion to remand, which the parties have briefed in full. (Docs. 3, 8, 12). As discussed below, this action is due to be remanded to the Etowah County Circuit Court, although not for the reasons suggested by the plaintiffs.

I.  **Background**

In its notice of removal, Nationwide alleges (1) CHEB, LLC, is a limited liability company established under Alabama law; (2) Tim and Ross Hudak are residents of Etowah County, Alabama, and therefore domiciled in Alabama; (3) Nationwide is a corporation organized under Ohio law, with its principal place of business in Columbus, Ohio; and (4) the amount in controversy exceeds $75,000.00, exclusive of interests and costs.  (Doc. 1 at ¶¶ 4-6).  Resting on these allegations, Nationwide alleges diversity of citizenship as the basis of this district court's subject matter jurisdiction.  (*Id.* at ¶ 3).

In their motion to remand, the plaintiffs do not contest Nationwide's assertion of diversity jurisdiction.  Instead, they argue this district court should exercise its "equity powers to remand" because it is more appropriate for the Etowah County Circuit Court to hear and determine their state law claim; the parties and witnesses are located in Gadsden, Alabama, where the Etowah County Courthouse is located but where there is no federal courthouse; they should be allowed to be the "masters of the complaint;" and Nationwide should not be permitted to forum shop.  (Docs. 3, 12).  Additionally, they assert diversity jurisdiction is based on "the old notion that citizens of one state may not receive a 'fair shake' in another state because of local prejudices," which "is antiquated because of mobility, mass communication,

and other social factors," and that diversity jurisdiction "raises serious federalism concerns." (Doc. 12 at 1-2).

## II.  Discussion

Federal district courts are courts of limited jurisdiction. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). They can hear only cases for which there has been a congressional grant of jurisdiction. *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1352 (11th Cir. 2005). Moreover, they are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

Removal jurisdiction is not an exception to this obligation. *Univ. of S. Alabama*, 168 F.3d at 410. A defendant may remove an action from state court to federal district court if the district court would have had original subject matter jurisdiction. 28 U.S.C. § 1441(a). Therefore, when an action is removed from state court, a federal district court first must determine whether it has original jurisdiction. *Univ. of S. Alabama*, 168 F.3d at 410. The district court must remand the case if it appears that jurisdiction is lacking. 28 U.S.C. § 1447(c).

As the removing party, the defendant bears the burden of demonstrating the existence of original federal subject matter jurisdiction and that removal is otherwise proper. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). In evaluating the propriety of removal, federal courts are directed to construe removal

3

statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand. *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013).

Original federal subject matter jurisdiction includes diversity jurisdiction, *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016), the basis on which this action was removed from the Etowah County Circuit Court to this district court. A district court has diversity jurisdiction when the action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires complete diversity; every plaintiff must be of diverse citizenship from every defendant. *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998); *Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013).

For purposes of determining diversity jurisdiction, a natural person is a citizen of the state where he or she is domiciled. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). The Eleventh Circuit has noted "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994); *see also Keshock v. Metabowerke GMBH*, 2015 WL 4458858, at *2 (S.D. Ala. July 21, 2015) (collecting Eleventh Circuit cases). Nationwide's allegations regarding the

residences of Tim and Ross Hudak are insufficient to establish the citizenships of these parties for purposes of diversity jurisdiction.

For purposes of determining diversity jurisdiction, a limited liability company ("LLC") is a citizen of each state of which any of its members are citizens. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004). To sufficiently allege the citizenship of an LLC, the party invoking diversity jurisdiction must identify the citizenship of each member. *Id.* This may require "'tracing through several layers.'" *Keshock*, 2015 WL 4458858 at *3 (S.D. Ala. July 21, 2015) (quoting *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014)). For example, if an LLC has a member that is an LLC, the citizenship of the members of the member LLC must be determined and so on "through as many levels as necessary to reach corporations or natural persons." *Id*. (explaining holding of *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998), in parenthetical). Nationwide's allegations CHEB is a limited liability company established under Alabama law is insufficient to establish the citizenship of this party for purposes of diversity jurisdiction.

Given the foregoing deficiencies in the jurisdictional allegations, Nationwide has failed to meet its burden of demonstrating the existence of diversity jurisdiction,

and the subject matter jurisdiction of this court is called into doubt. Accordingly, this action must be remanded to the Etowah County Circuit Court.[1]

The undersigned emphasizes the conclusion remand is required is one reached *sua sponte* and not on the basis of the plaintiffs' motion. The plaintiffs' suggestion a district court has "equity powers to remand" relies on a decision issued in a bankruptcy proceeding that addressed a bankruptcy court's equitable power to remand to state court claims related to a bankruptcy case pursuant to 28 U.S.C. § 1452. *See In re Atherotech, Inc.*, 582 B.R. 251, 259 (Bankr. N.D. Ala. 2017); § 1452 (addressing the removal of claims related to bankruptcy cases and expressly providing courts may remand such claims "on any equitable ground"); *see also In re Ranch House of Orange-Brevard, Inc.*, 773 F.2d 1166, 1169 (11th Cir. 1985) (" 'There is an overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction.'") (quoting *Bank of Marin v. England*, 385 U.S. 99, 103 (1966)). They cite no authority to support the position a district court may remand an action properly removed on the basis of diversity jurisdiction based on equitable considerations such as comity, *forum non conveniens*, or a state court's particular expertise in dealing with questions of state law. Moreover, the policy argument they

---

[1] The undersigned notes a district court must consider the question of subject matter jurisdiction before addressing motions unrelated to that issue that may be pending before the court, and if subject matter jurisdiction is lacking the court has no authority to rule on any unrelated pending motions. *See Univ. of S. Alabama*, 168 F.3d at 411 (collecting cases). Because the undersigned concludes this district court lacks diversity jurisdiction over this action, she is without authority to address the parties' pending joint motion seeking entry of a protective order. (*See* Doc. 17).

assert against the concept of diversity jurisdiction in general would provide no basis for this district court to remand this action to the extent diversity jurisdiction did exist.

## III. Conclusion

For the reasons discussed above, this action is due to be remanded to the Circuit Court of Etowah County, Alabama pursuant to 28 U.S.C. § 1447(c) for lack of federal subject matter jurisdiction. A separate order will be entered.

**DONE** this 4th day of May, 2021.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE